IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARNOLD JEFFERY JOHNSON,**                                    **PETITIONER**

v.                                                                                                  **No. 3:05CV73-P-A**

**SHERIFF PETER WALKER, ET AL.**                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Arnold Jeffery Johnson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the deadline for response has expired. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

The petitioner was convicted of armed robbery in the Circuit Court of Calhoun County, Mississippi. He was sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. On January 20, 2004, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Johnson v. Stae*, 872 So. 2d 65 (Miss. App. 2004), *reh'g. denied*, April 27, 2004, Cause No. 2002-KA-1406-COA. Johnson's petition for rehearing was denied on April 27, 2004. The petitioner did not file a petition for writ of *certiorari* with the Mississippi Supreme Court, nor has he filed an application for post-conviction relief challenging his armed robbery conviction in the Mississippi Supreme Court. He filed the instant federal petition for a writ of *habeas corpus* on June 3, 2005, which he signed May 31, 2005.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

In declining to seek the second step of discretionary review, the petitioner stopped the appeal process and was thus unable to seek review in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Therefore, the petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run fourteen days after his motion for rehearing was denied by the court of appeals. MISS. R. APP. P. 17(b) (allowing fourteen days to file a petition for writ of *certiorari* in the state supreme court after the motion for rehearing is denied). The petitioner's conviction became final on May 11, 2004 (April 27, 2004, + 14 days). In addition, the petitioner did not file an application for post-conviction

collateral relief in state court to toll the period of limitations on or before the May 11, 2005, expiration of the limitations period. As such, he does not enjoy the benefit of statutory tolling of the limitations period. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 31, 2005, and the date it was received and stamped as "filed" in the district court on June 3, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed twenty days after the May 11, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE